# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10334
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 26, 2019

Lyle W. Cayce
Clerk

COLLETTE L. FLANAGAN, Individually and on behalf of the estate of
Clinton Allen, deceased; RONDERALINE S. ALLEN,

      Plaintiffs - Appellants

v.

CITY OF DALLAS, TEXAS; CLARK STALLER,

      Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-4231

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

      Plaintiff-Appellants appeal the district court's denial of their motion for a new trial after a jury found that Officer Clark Staller of the Dallas Police Department did not use excessive force when he shot and killed Clinton Allen. At trial, the parties presented conflicting eyewitness testimony from the night of Allen's death: a nearby resident testified that Staller shot Allen repeatedly

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without provocation and after he had already fallen to the ground, and Staller testified that Allen physically attacked him, knocked him over a railing, tried to choke him, and that he, Staller, fired his weapon at Allen in self-defense after his taser had little effect. Based on its assessment of these witnesses' credibility and physical evidence from the scene that arguably supported Staller's version of events, the jury found in favor of Staller on Plaintiff's Fourth Amendment excessive force claim.

On appeal, Plaintiffs contend that the jury should have credited their disinterested witness instead of Staller, who is a party to the case. However, we must uphold a jury verdict challenged for sufficiency of the evidence unless we find that the district court abused its discretion by denying a new trial because there was "an absolute lack of evidence to support the jury's verdict." *Seibert v. Jackson Cty.*, 851 F.3d 430, 439 (5th Cir. 2017). After a careful review of the record, the parties' briefs, and the district court's order, it is apparent that the district court did not abuse its discretion by concluding that this case presented an evidentiary conflict within the province of the jury to resolve. Accordingly, we affirm the district court's denial of a new trial for essentially the reasons stated by that court.

Plaintiffs also appeal the district court's judgment as a matter of law for the City of Dallas on Plaintiffs' claim that the City was liable for Staller's alleged excessive force. Judgment as a matter of law is appropriate when "a reasonable jury would not have a legally sufficient evidentiary basis to find for the [nonmoving] party on that issue." FED. R. CIV. P. 50(a)(1). Because we do not disturb the jury's determination that Staller did not violate Allen's constitutional rights, we also affirm the district court's denial of Plaintiff's municipal liability claim. *See City of Los Angeles v. Heller*, 475 U.S. 796, 797 (1986) (adopting district court's conclusion that "if the police officer ha[s] been

2

No. 18-10334

exonerated by the jury there c[an] be no basis for assertion of liability against the city").

AFFIRMED.